UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HERIBERTO CASTRO-GUTIERREZ,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>DORIS L. SHOCKLEY,<br><br>　　　　　Defendant. | No. 2:21-cv-1391 DB P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

　　　　Plaintiff is a state prisoner proceeding pro se. Before the court is plaintiff's complaint for screening and plaintiff's motion to proceed in forma pauperis. For the reasons set forth below, this court grants plaintiff's motion to proceed in forma pauperis, and recommends this action be converted to a habeas corpus proceeding and dismissed without prejudice.

**SCREENING**

　　　　The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1) & (2).

////

**CONVERSION TO A HABEAS ACTION**

Plaintiff challenges a 2008 judgment of the Yolo County Superior Court. His sole claim is that the superior court did not have jurisdiction to convict and sentence him. For relief, he seeks "freedom from prison" and dismissal of his sentence.

State prisoners may not attack the validity of the fact of their confinement in a § 1983 action. "[H]abeas corpus is the appropriate remedy" for such claims. See Wilkinson v. Dotson, 544 U.S. 74, 78 (2005) ("[A] prisoner in state custody cannot use a § 1983 action to challenge "the fact or duration of his confinement."' (citations omitted)); see also Nettles v. Grounds, 830 F.3d 922, 933 (9th Cir. 2016) ("[H]abeas corpus is the exclusive remedy to attack the legality of the conviction or sentence."). Because plaintiff is plainly attacking his conviction and sentence and asserts no other claims for relief, he fails to state a claim upon which relief can be granted under § 1983.

"In cases where a prisoner's section 1983 complaint evinced a clear intention to state a habeas claim," the Ninth Circuit has held "that the district court should treat the complaint as a habeas petition." Trimble v. City of Santa Rosa, 49 F.3d 583, 586 (9th Cir. 1995) (citations omitted). Plaintiff's complaint sounds only in habeas. Accordingly, this court recommends this action be converted to a habeas corpus proceeding under 28 U.S.C. § 2254.

**SECOND PETITION**

The court's records reveal that plaintiff previously filed an application for a writ of habeas corpus attacking the conviction and sentence challenged in this case. The previous application was filed on September 24, 2012, and was denied on the merits on June 4, 2013. Castro-Gutierrez v. Barns, 2:12-cv-2421 GGH (E.D. Cal.). Before plaintiff can proceed with a petition for a writ of habeas corpus, he must move in the United States Court of Appeals for the Ninth Circuit for an order authorizing the district court to consider the application. 28 U.S.C. §2244(b)(3). Therefore, this action should be dismissed without prejudice to its re-filing upon obtaining authorization from the United States Court of Appeals for the Ninth Circuit.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to proceed in forma pauperis (ECF No. 2) is granted; and

2. The Clerk of the Court shall randomly assign a district judge to this case.

Further, IT IS RECOMMENDED that:

1. This civil rights action under 42 U.S.C. § 1983 be converted to a habeas corpus proceeding under 28 U.S.C. § 2254; and

2. This case be dismissed without prejudice.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within thirty days after being served with these findings and recommendations, plaintiff may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may result in waiver of the right to appeal the district court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: September 2, 2021

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:9
DB prisoner inbox/civil rights/R/cast1391.scrn fr